UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| YOLANDA WILLIAMS,        )<br>   Plaintiff,        )<br>          )<br>v.        )<br>          )<br>NEPHROLOGY ASSOCIATES        )<br>OF TIDEWATER,        )<br>   Defendant.        )<br>_____)  | Civil Action No. 2:22cv129 |

**MEMORANDUM OPINION**

This matter is before the Court to review the sufficiency of an Amended Complaint filed by *pro se* Plaintiff Yolanda Williams ("Plaintiff") in response to an Order to Show Cause issued by the Court. For the reasons set forth below, this action will be DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**I.   RELEVANT BACKGROUND**

Plaintiff, appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"), along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. The Court granted Plaintiff's IFP Application and directed the Clerk to file Plaintiff's Complaint. Order Show Cause 1, ECF No. 2. However, upon review, the Court determined that Plaintiff's Complaint did not adequately establish that jurisdiction was proper in this Court. *Id.* at 1-2. In an Order to Show Cause entered on June 16, 2022, the Court explained:

> Courts have an "independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, [they] must 'raise lack of subject-matter jurisdiction on [their] own motion,' without regard to the positions of the parties." *Mosley v. Wells Fargo Bank, N.A.*, 802 F. Supp. 2d 695, 698 (E.D. Va. 2011) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)); *see Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997)

> ("[Q]uestions concerning subject-matter jurisdiction may be raised at any time by either party or sua sponte by [the] court."). As set forth in Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).
>
> Federal courts are courts of limited jurisdiction, meaning that a federal court is only empowered to consider certain types of claims. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A federal court has subject matter jurisdiction over civil cases (i) "arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction"); or (ii) in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which complete diversity of citizenship exists between the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332.

*Id.*

In the "Basis for Jurisdiction" section of her Complaint, Plaintiff checked the box to indicate that the Court could exercise diversity jurisdiction over this action. Compl. at 3, ECF No. 3. However, Plaintiff and Defendant are both citizens of Virginia. *Id.* at 1-4. Therefore, the Court determined in its Order to Show Cause that "diversity jurisdiction cannot serve as a basis for federal jurisdiction in this action." Order Show Cause at 2.

Based on the information set forth in an attachment to Plaintiff's Complaint, it appeared to the Court that Plaintiff may have intended to assert a federal employment discrimination claim against Defendant; however, Plaintiff did not "clearly identify the particular claim(s) that she seeks to assert in this action." *Id.* (citing Compl. at 1-5; Attach. at 1-5, ECF No. 1-2). The Court stated: "Without additional information regarding Plaintiff's intended claims, it is unclear whether the Court may properly exercise federal question jurisdiction over this action." *Id.*

In addition to the jurisdictional issues, the Court determined that Plaintiff's Complaint suffered from other defects. *Id.* at 2-3. In its Order to Show Cause, the Court explained that when a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated to screen the operative complaint to determine, among other things, whether the complaint states a

2

claim on which relief may be granted. *Id.* at 3 (citing 28 U.S.C. § 1915(e)(2)). "A *pro se* complaint should survive only when a plaintiff has set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Upon review of Plaintiff's Complaint, the Court concluded:

> Plaintiff's Complaint does not clearly identify the particular claim(s) that Plaintiff intends to assert against Defendant, and the factual allegations asserted in the Complaint are insufficient to state any plausible claim for relief against Defendant. *See* Compl. at 1-5; *see also Twombly*, 550 U.S. at 570. Therefore, the Court finds that dismissal of this action is warranted under 28 U.S.C. § 1915(e)(2).

*Id.*

In deference to Plaintiff's *pro se* status, the Court chose not to immediately dismiss this action. *Id.* Instead, the Court provided Plaintiff with an opportunity to file an Amended Complaint. *Id.* The Court stated:

> Plaintiff is ORDERED to SHOW CAUSE why this action should not be dismissed by filing an Amended Complaint within thirty days from the date of entry of this Order to Show Cause. Plaintiff is ADVISED that the Amended Complaint will supersede her initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:
>
> (i) be clearly labeled as Plaintiff's Amended Complaint;
>
> (ii) clearly identify the named Defendant;
>
> (iii) clearly state, with specificity, each claim that Plaintiff intends to assert against Defendant;
>
> (iv) clearly identify a valid basis for the Court's jurisdiction over all asserted claims; and
>
> (v) clearly set forth all factual allegations upon which each asserted claim is based.

*Id.* The Court further advised Plaintiff that this action may be dismissed if she failed to comply with the terms of the Order to Show Cause. *Id.*

## II.   PLAINTIFF'S AMENDED COMPLAINT

Plaintiff timely filed an Amended Complaint.  Am. Compl., ECF No. 4.  Plaintiff's Amended Complaint states, in its entirety:

> I, Yolanda Williams, the plaintiff in Civil Action No. 2:22cv129, am entering this Amended Complaint against defendant, Nephrology Associates of Tidewater, as of July 14, 2022.  This complaint is based on evidence/incidents that occurred over periods of time involving the defendants racial bias and or discrimination and intimidation, against myself, the plaintiff.
>
> The court has the right to investigate or dismiss, these allegations in this claim, based on the validity of myself, the plaintiff and the courts jurisdiction, over this claim.  The claim is valid due to the plaintiff's cause of termination from the defendant, which was not valid to, myself the plaintiff, was initially suspended, from the defendant's practice, which then resulted in termination and had nothing to do with the defendant allegations.

*Id.* at 1 (errors in original).

As summarized above, the Court previously determined that Plaintiff's initial Complaint did not adequately establish that subject matter jurisdiction was proper in this Court.  Order Show Cause at 1-2.  Although Plaintiff relied on diversity jurisdiction as the basis for subject matter jurisdiction in this action, the Court explained that, due to the parties' common citizenship, diversity jurisdiction did not apply.  *Id.* at 2.  Additionally, the Court explained that Plaintiff did not adequately establish that federal question jurisdiction applied to this action.  *Id.* (noting that Plaintiff may have intended to assert a federal employment discrimination claim against Defendant, but finding that Plaintiff "d[id] not clearly identify the particular claim(s) that she seeks to assert in this action").  In its Order to Show Cause, the Court specifically ordered Plaintiff to file an Amended Complaint that, among other things, "clearly identif[ied] a valid basis for the Court's jurisdiction over all asserted claims."  *Id.* at 3.

Despite the clear instructions set forth in the Court's Order to Show Cause, Plaintiff's Amended Complaint does not address the jurisdictional issues raised by the Court.  Am. Compl.

at 1.  Diversity jurisdiction remains inapplicable because Plaintiff and Defendant are both citizens of Virginia.  Further, Plaintiff's Amended Complaint, as summarized in its entirety above, does not clearly assert any federal claims that could serve as the basis for federal question jurisdiction in this action.  *Id.*  Under these circumstances, the Court finds that Plaintiff has not established that subject matter jurisdiction is proper in the Court.  Accordingly, this action will be DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.[1]

### III.   CONCLUSION

For the reasons set forth above, this action will be DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

An appropriate Order shall issue.

/s/ 
Roderick C. Young
United States District Judge

Richmond, Virginia
September 29, 2022

---

[1] Even if the Court could properly exercise jurisdiction over this action, the Court finds that dismissal would nevertheless be warranted under 28 U.S.C. § 1915(e)(2).  Specifically, the Court finds that Plaintiff's Amended Complaint, like her initial Complaint, fails to allege sufficient facts to state any plausible claim for relief against Defendant.  *See* Am. Compl. at 1; *see also* 28 U.S.C. § 1915(e)(2) (explaining that a court is required to dismiss an action filed by a litigant proceeding *in forma pauperis* if the court determines that the operative complaint fails to state a claim on which relief may be granted).